## Illinois Steel Company v. David A. Downey.

1.  Negligence—*Master and Servant.*—Where an employe is injured by falling into a wheel pit, the location of which he is familiar with, his negligence will preclude a recovery for the injury.

Action on the Case, for personal injuries.  Appeal from the Circuit Court of Will County; the Hon. John Small, Judge presiding.  Heard in this court at the April term, 1902.  Reversed.  Opinion filed July 18, 1902.

Garnsey & Knox and Wm. Duff Haynie, attorneys for appellant.

J. W. Downey, attorney for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This was a suit by appellee to recover damages for personal injuries alleged to have been sustained by him while in the employ of appellant, by reason of falling into a wheel pit in an engine room belonging to the latter.  The engine in the room in question was used to furnish power for the manufacture of iron rods in an adjoining room, where appellee worked as a leverman.  The engine room was about 80 by 120 feet in size, the greater part of the south side being occupied by the engine.  At the east end of the engine, close to the east side of the building, was the main fly wheel, and north of it, some fourteen feet, was a large wheel revolving around the main shaft, known as the pulley wheel.  This wheel revolved in a large pit, which, according to appellee's testimony, was about twenty-five feet long, twelve or fourteen feet wide and some twelve to fourteen feet deep.  North of the pulley wheel pit there was a door leading from the engine room into the rod mill.

About December 1, 1899, it was found necessary to shut down the rod mill on account of a defect discovered in the main driving shaft, necessitating certain repairs.  The rod room being shut down, appellee was assigned to the engine room and set to work with the machinists' gang, which was in charge of one John Sweenie.  On the afternoon of

December 9th, Sweenie's gang was engaged in removing bolts and dismantling the pulley wheel. There was one bolt which they could not extract and it was left for other men, known as the sailor gang, to look after, while Sweenie's men, at about 3:30 P. M., went to the main fly wheel. About an hour later Sweenie sent appellee to get a wrench which had been used at the pulley wheel. While feeling around near the door into the rod room for the wrench, as he had been directed to do by Sweenie, appellee fell into the wheel pit and received injuries for which he brought this suit.

The declaration consists of three counts. The first charges that defendant carelessly and negligently left uncovered and unprotected a certain wheel pit near where plaintiff was working, and that while plaintiff was exercising due care for his own safety, he fell into the same, and that his nervous system was shattered and he sustained a rupture, and permanent injury to his spine and eyes. The second count charges that defendant neglected to furnish a reasonably sufficient light with which to work and to enable plaintiff, and the other servants of defendant working with him, to see places of danger in the vicinity of the place where they were working. The third count combines the charges contained in the other two. The jury returned a verdict of $3,500, and a motion for a new trial having been overruled, judgment was entered for that amount.

Appellant contends that the judgment should be reversed for the reason that the proof failed to sustain any count of the declaration. It appeared from the evidence that the wheel pit into which appellee fell was ordinarily protected by a railing, but that this railing had necessarily been removed while the repairs were being made. The sailor gang worked from thirty to forty-five minutes taking out what remained of the pulley wheel after Sweenie's men had left. Appellee claims that appellant was negligent in not causing the railing to be replaced and the wheel pit protected after the sailor gang left. The same necessity did not exist for protecting the pit while the work of dis-

mantling and repairing was going on, which existed at a time when the factory was engaged in running in its regular work.    Appellee had just come out of the pulley wheel pit himself but a short time before he was sent back to find the wrench and must have known of its location, and the sailor gang had left the pit but a few minutes before.  Under the circumstances it does not appear that appellant was guilty of negligence in leaving the pit unprotected for the short time which elapsed between the time when the sailor gang left it and the time when appellee fell into it, if indeed it was necessary to protect it at all while the work of repair, in which appellee was himself engaged, was going on in the engine room.

Appellee was certainly in a position to be as well informed of the location and condition of the pit as the foremen of the several gangs at work in the room, or any one else representing appellant.

Upon the question of the sufficiency of light, the proof showed the room was furnished with three arc and fifteen incandescent lights.    There was some conflict in the evidence as to the number of lights which were in operation at the time of the accident, but the great preponderance of the evidence is to the effect that there was a sufficient number at the time in question to fairly light the room and to plainly indicate the location of a pit the size the pulley wheel pit is shown to have been.

We are therefore of opinion that the evidence failed to show that appellant neglected to furnish reasonably sufficient light to enable its men engaged in making repairs to prosecute their work, and by the use of ordinary care to avoid danger and injury.    The judgment of the court below is accordingly reversed.

**Finding of Facts** to be incorporated in the judgment:

We find that the injuries of which appellee complains and on account of which this suit was brought, were not caused by the negligence of appellant.